IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **LOCHNER TECHNOLOGIES, LLC.,**<br><br>   Plaintiff,<br><br>   v.<br><br>**LENOVO (UNITED STATES) INC.;**<br>**GENERAL DYNAMICS CORPORATION;**<br>**HITACHI AMERICA, LTD.;**<br>**NCR CORPORATION;**<br>**HP ENTERPRISE SERVICES, LLC;**<br>**GARMIN INTERNATIONAL, INC.;**<br>**INGRAM MICRO INC.;**<br>**SYNNEX CORPORATION; and**<br>**TECH DATA CORPORATION,**<br><br>   Defendants. | Civil Action No.: 2:10-cv-430<br><br><br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lochner Technologies, LLC ("Lochner") makes the following allegations against Defendants Lenovo (United States) Inc., General Dynamics Corporation, Hitachi America, Ltd., NCR Corporation, HP Enterprise Services, LLC, Garmin International, Inc., Ingram Micro Inc., Synnex Corporation, and Tech Data Corporation (collectively, the "Defendants").

## PARTIES

1.  Plaintiff Lochner Technologies, LLC ("Lochner") is a California limited liability company with its principal place of business at 719 West Front Street, Suite 173, Tyler, Texas 75702.

2.  On information and belief, defendant Lenovo (United States) Inc. ("Lenovo") is a Delaware corporation with its principal place of business at 1009 Think Place, Morrisville, North

Carolina. On information and belief, Lenovo has appointed its agent for service as follows: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3. On information and belief, defendant General Dynamics Corporation ("General Dynamics") is a Delaware corporation with its corporate headquarters and principal place of business at 2941 Fairview Park Drive, Suite 100, Falls Church, Virginia. On information and belief, General Dynamics has appointed its agent for service as follows: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4. On information and belief, defendant Hitachi America, Ltd. ("Hitachi") is a New York corporation with its principal place of business at 50 Prospect Avenue, Tarrytown, New York.

5. On information and belief, defendant NCR Corporation ("NCR") is a Maryland corporation with its principal place of business at 3097 Satellite Boulevard, Duluth, Georgia. Upon information and belief, NCR has appointed its agent for service of process as follows: Mallon Snyder, 99 South Washington Street, Rockville, Maryland 20850.

6. On information and belief, defendant HP Enterprise Services, LLC ("HP Enterprise") is a Delaware limited liability corporation with its principal place of business at 5400 Legacy Drive, Plano Texas. Upon information and belief, HP Enterprise has appointed its agent for service as follows: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7. On information and belief, defendant Garmin International, Inc. ("Garmin") is a Kansas corporation with its principal place of business at 1200 East 151st Street, Olathe, Kansas

66062.  Upon information and belief, Garmin has appointed its agent for service of process as follows:  Andrew R. Etkind, 1200 East 151st Street, Olathe, Kansas 66062.

8. On information and belief, defendant Ingram Micro Inc. ("Ingram") is a Delaware corporation with its principal place of business at 1600 E. St. Andrew Place, Santa Ana, California.  On information and belief, General Dynamics has appointed its agent for service as follows:  The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

9. On information and belief, defendant Synnex Corporation ("Synnex") is a Delaware corporation with its principal place of business at 44201 Nobel Drive, Fremont, California.  On information and belief, General Dynamics has appointed its agent for service as follows:  The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

10. On information and belief, defendant Tech Data Corporation ("Tech Data") is a Florida corporation with its principal place of business at 5350 Tech Data Drive, Clearwater, Florida.  Upon information and belief, Tech Data has appointed its agent for service of process as follows:  David R. Vetter, 5350 Tech Data Drive, Clearwater, Florida 33760.

## JURISDICTION AND VENUE

11. This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has a regular and established place of business in this

district, has transacted business in this district, and/or has committed, contributed to, and/or induced acts of patent infringement in this district.

13.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,035,598

14.     Lochner incorporates paragraphs 1-13 above as if fully repeated and restated herein.

15.     Lochner is the owner by assignment of United States Patent No. 7,035,598 (the "'598 patent") entitled "Modular Computer System."  The '598 patent issued on April 25, 2006. A true and correct copy of the '598 patent is attached as Exhibit A.

16.     Scott Lochner and Meir Bartur are listed as inventors on the '598 patent.

17.     Upon information and belief, defendant Lenovo has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringement by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, marketing and selling products (including, but not limited to, the Lenovo ThinkServer RD240) in conjunction with virtual desktops and/or thin client (including, but not limited to, Wyse thin clients) that comprise the wireless computer system covered by one or

more claims of the '598 patent.  Defendant Lenovo is thus liable for infringement of the '598 patent pursuant to 35 U.S.C. § 271.

18.     Upon information and belief, defendant General Dynamics has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringement by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, marketing and selling products (including, but not limited to, the Tadpole VM2000 Mobile Server/Workstation) in conjunction with virtual desktops and/or thin client (including, but not limited to, the Tadpole M1400 Ultra-Thin Client) that comprise the wireless computer system covered by one or more claims of the '598 patent.  Defendant General Dynamics is thus liable for infringement of the '598 patent pursuant to 35 U.S.C. § 271.

19.     Upon information and belief, defendant Hitachi has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringement by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, marketing and selling products (including, but not limited to, the Blade Symphony 2000 Blade Server) in conjunction with virtual desktops and/or thin client (including, but not limited to, the VisionPlate Tablet) that comprise the wireless computer system covered by one or more claims of the '598 patent.  Defendant Hitachi is thus liable for infringement of the '598 patent pursuant to 35 U.S.C. § 271.

20.     Upon information and belief, defendant NCR has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringement by way of inducing infringement by others and/or contributing to the infringement by others of

the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, marketing and selling products (including, but not limited to, the RealPOS 80XRT POS Workstation) in conjunction with virtual desktops and/or thin client (including, but not limited to, the RealPOS 30) that comprise the wireless computer system covered by one or more claims of the '598 patent. Defendant NCR is thus liable for infringement of the '598 patent pursuant to 35 U.S.C. § 271.

21. Upon information and belief, defendant HP Enterprise has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringement by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, marketing and selling products (including, but not limited to, HP ProLiant servers) in conjunction with virtual desktops and/or thin client (including, but not limited to, the t5740 Thin Client) that comprise the wireless computer system covered by one or more claims of the '598 patent. Defendant HP Enterprise is thus liable for infringement of the '598 patent pursuant to 35 U.S.C. § 271.

22. Upon information and belief, defendant Garmin has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringement by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, marketing and selling products (including, but not limited to, the nüvi 1690) that interact with servers owned, maintained, and operated by that comprise the wireless computer system covered by one or more claims of the '598 patent. Defendant Garmin is thus liable for infringement of the '598 patent pursuant to 35 U.S.C. § 271.

23. Upon information and belief, defendant Ingram has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringement by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, marketing and selling products (including, but not limited to, IBM System x servers) in conjunction with virtual desktops and/or thin client (including, but not limited to, Wyse thin clients) that comprise the wireless computer system covered by one or more claims of the '598 patent.  Defendant Ingram is thus liable for infringement of the '598 patent pursuant to 35 U.S.C. § 271.

24. Upon information and belief, defendant Synnex has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringement by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, marketing and selling products (including, but not limited to, HP ProLiant servers) in conjunction with virtual desktops and/or thin client (including, but not limited to, the t5740 Thin Client) that comprise the wireless computer system covered by one or more claims of the '598 patent.  Defendant Synnex is thus liable for infringement of the '598 patent pursuant to 35 U.S.C. § 271.

25. Upon information and belief, defendant Tech Data has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringement by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, marketing and selling products (including, but not limited to, HP

ProLiant servers) in conjunction with virtual desktops and/or thin client (including, but not limited to, Devon IT thin clients) that comprise the wireless computer system covered by one or more claims of the '598 patent. Defendant Tech Data is thus liable for infringement of the '598 patent pursuant to 35 U.S.C. § 271.

26.     As a result of Defendants' infringement of the '598 patent, Lochner has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

27.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '598 patent, Lochner will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Lochner respectfully requests that this Court enter:

1.     A judgment in favor of Lochner that each of the Defendants has infringed, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '598 patent, and that such infringement was willful;

2.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '598 patent;

3.     A judgment and order requiring Defendants to pay Lochner its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '598 patent as provided under 35 U.S.C. § 284;

4.     An award to Lochner for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Lochner its reasonable attorneys' fees; and

6.     Any and all other relief to which Lochner may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: October 12, 2010

Respectfully submitted,

/s/ William Ellsworth Davis, III
William Ellsworth Davis, III
Texas State Bar No. 24047416
Email:  bdavis@bdavisfirm.com
**THE DAVIS FIRM, PC**
111 West Tyler Street
Longview, TX  75601
Telephone:  (903) 230-9090
Facsimile:   (903) 230-9661

Marc A. Fenster, CA SB # 181067
Email: mfenster@raklaw.com
Bruce D. Kuyper, CA SB #144969
Email:  bkuyper@raklaw.com
Stanley H. Thompson, Jr., CA SB # 198825
Email: sthompson@raklaw.com
Daniel C. Whang, CA SB # 223451
Email: dwhang@raklaw.com
**RUSS, AUGUST & KABAT**
12424 Wilshire Blvd., 12th Floor
Los Angeles, California 90025
Telephone:  (310) 826-7474
Facsimile:  (310) 826-6991

**ATTORNEYS FOR PLAINTIFF
LOCHNER TECHNOLOGIES, LLC**