IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LOCHNER TECHNOLOGIES, LLC., <br><br> Plaintiff, <br><br> v. <br><br> LENOVO (UNITED STATES) INC.; <br> GENERAL DYNAMICS CORPORATION; <br> HITACHI AMERICA, LTD.; <br> NCR CORPORATION; <br> HP ENTERPRISE SERVICES, LLC; <br> GARMIN INTERNATIONAL, INC.; <br> INGRAM MICRO INC.; <br> SYNNEX CORPORATION; and <br> TECH DATA CORPORATION, <br><br> Defendants. | Civil Action No.: 2:10-cv-430-TJW <br><br><br> JURY TRIAL DEMANDED |

**DEFENDANT NCR CORPORATION'S**
**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant NCR Corporation ("NCR") hereby sets forth its Answer, Affirmative Defenses, and Counterclaims to the Original Complaint ("Complaint") of Plaintiff Lochner Technologies, LLC ("Lochner").

**PARTIES**

1. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and, therefore, denies the allegations.

2. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and, therefore, denies the allegations.

3. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and, therefore, denies the allegations.

4. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and, therefore, denies the allegations.

5. With respect to paragraph 5, NCR admits the allegations.

6. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and, therefore, denies the allegations.

7. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and, therefore, denies the allegations.

8. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and, therefore, denies the allegations.

9. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and, therefore, denies the allegations.

10. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and, therefore, denies the allegations.

## JURISDICTION AND VENUE

11. NCR admits that the Complaint purports to bring an action for patent infringement arising under the laws of the United States but denies that Lochner has any viable claim thereunder. NCR admits that this Court has jurisdiction over the subject matter of Plaintiff's Complaint but denies the legal sufficiency of Plaintiff's claims and allegations.

12. For purposes of this action only, NCR admits venue is proper within this district, but denies that this district is a convenient forum for NCR. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 as to all other Defendants and, therefore, denies these allegations. NCR denies that it has committed, contributed to, and/or induced acts of patent infringement in this district. NCR further denies

any remaining allegations of Paragraph 12 of the Complaint.

13. NCR admits that it is subject to this Court's personal jurisdiction. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 as to all other Defendants and, therefore, denies these allegations. NCR denies that it has committed, contributed to, and/or induced acts of patent infringement in this district. NCR further denies any remaining allegations of Paragraph 13 of the Complaint.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 7,035,598

14. NCR incorporates by reference its responses to paragraphs 1-13 above as if fully repeated and restated herein.

15. NCR admits that what appears to be a true and correct copy of U.S. Patent No. 7,035,598 (the "598 patent") was attached to the Complaint as Exhibit A. NCR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 and, therefore, denies the allegations.

16. NCR admits that the purported inventors listed on the face of the 598 patent are Scott Lochner and Meir Bartur.

17. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and, therefore, denies the allegations.

18. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and, therefore, denies the allegations.

19. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and, therefore, denies the allegations.

20. With respect to paragraph 20, NCR denies the allegations.

21. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and, therefore, denies the allegations.

22. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and, therefore, denies the allegations.

23. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and, therefore, denies the allegations.

24. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and, therefore, denies the allegations.

25. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and, therefore, denies the allegations.

26. NCR denies the allegations of paragraph 26 as they relate to NCR. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 with respect to the other Defendants and, therefore, denies these allegations.

27. NCR denies the allegations of paragraph 27 as they relate to NCR. NCR further states that the 598 patent is expired and therefore injunctive relief is unavailable. NCR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 with respect to the other Defendants and, therefore, denies these allegations.

**GENERAL DENIAL**

28. Except as specifically admitted herein, NCR denies each and every allegation contained in the Complaint and denies that Lochner is entitled to any of the relief requested in its prayer for relief.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, NCR asserts the following defenses to Lochner's Complaint:

### First Affirmative Defense (No Infringement)

29.     NCR's manufacture, use, sale, offer for sale, or importation of the accused products does not infringe and has not infringed either directly, literally, jointly, equivalently, and/or indirectly (by way of inducement or contribution) any claim of the 598 patent.

### Second Affirmative Defense (Invalidity)

30.     Each and every claim of the 598 patent is invalid for failure to satisfy the requirements of 35 U.S.C. §§ 100, et seq., including one or more of the following: 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Affirmative Defense (Failure to State a Claim)

31.     Lochner's Complaint fails to state a claim on which relief can be granted.

### Fourth Affirmative Defense (Unclean Hands)

32.     Lochner's claims are barred by the doctrine of unclean hands.  On information and belief, Lochner made material omissions to the United States Patent and Trademark Office ("PTO") during prosecution of the 598 patent.

### Fifth Affirmative Defense (Prosecution History Estoppel)

33.     Lochner is estopped from construing the claims of the 598 patent to cover or include, either literally, or by application of the doctrine of equivalents, any method, device, or system manufactured, leased, used, imported, sold, offered for sale, or offered for lease by NCR

because of admissions and statements made to the PTO during prosecution of the application leading to the issuance of the 598 patent or applications related thereto, because of disclosures or language in the specification of the 598 patent, and/or limitations in the claims of the 598 patent.

### Sixth Affirmative Defense (Adequate Remedy at Law)

34.     Lochner is not entitled to injunctive relief because any alleged injury to Lochner is not immediate or irreparable, and Lochner has an adequate remedy at law.

35.     Neither preliminary nor permanent injunctive relief is available to Lochner under the legal standards for injunctions because, among other things, Lochner is not competing with NCR and is not practicing the alleged invention.

36.     Lochner is not entitled to injunctive relief because the 598 patent is expired.

### Seventh Affirmative Defense (35 U.S.C. § 287)

37.     On information and belief, any claim for damages for infringement of the 598 patent is limited by 35 U.S.C. § 287 to those damages occurring after notice of infringement.

### Eighth Affirmative Defense (Laches, Estoppel, Waiver, Implied License, and Marking)

38.     Lochner's claims are barred or limited by the equitable doctrine of laches, estoppel, waiver, implied license, and/or marking.

### Ninth Affirmative Defense (Inequitable Conduct)

39.     All of the claims of the 598 patent are unenforceable by reason of inequitable conduct committed during prosecution before the PTO.  NCR's inequitable conduct allegations are further stated *infra* at paragraphs 57-76, which are incorporated herein by reference.

### COUNTERCLAIMS

40.     Defendant and Counterclaim-Plaintiff NCR, for its counterclaims against Plaintiff

and Counterclaim-Defendant Lochner, alleges as follows:

## NATURE OF ACTION

41. This is an action for a declaratory judgment of non-infringement, invalidity, and unenforceability of United States Patent No. 7,035,598 (the "598 patent").

## THE PARTIES, JURISDICTION, AND VENUE

42. NCR is a corporation organized under the laws of Maryland, with its principal place of business at 3097 Satellite Boulevard, Duluth, Georgia.

43. Upon information and belief, Lochner is a California corporation having its principal place of business at 380 S. Mentor Avenue, No. 4, Pasadena, California 91106.

44. These counterclaims arise under the patent laws of the United States, Title 35, United States Code and under Title 28, United States Code, §§ 2201 and 1338(a).

45. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, as they arise under an Act of Congress relating to patents.

46. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and 1400(b). By filing its Complaint, Lochner has consented to personal jurisdiction in this district.

47. An actual and justiciable controversy exists between Lochner and NCR concerning the alleged infringement, validity, and enforceability of the 598 patent by virtue of Lochner's allegation of infringement.

## FIRST COUNTERCLAIM (Declaratory Judgment of Non-Infringement)

48. NCR incorporates by reference the allegations in paragraphs 40-47 as if fully set forth herein.

49. By filing this action, Lochner has created an actual controversy between the

parties as to whether NCR's accused products and/or methods infringe any claim of the 598 patent.

50. NCR has not infringed, contributed to the infringement, or induced the infringement of any claim of the 598 patent.

51. NCR is entitled to a declaratory judgment that the manufacture, use, sale, offer for sale, or importation of its accused products and/or methods for making or using such do not infringe any claim of the 598 patent, either literally or under the doctrine of equivalents, and that such conduct does not contribute to or induce infringement of any claim of the 598 patent by others.

### SECOND COUNTERCLAIM (Declaratory Judgment of Invalidity)

52. NCR incorporates by reference the allegations in paragraphs 40-51 as if fully set forth herein.

53. By filing this action, Lochner has created an actual controversy between the parties as to whether the claims of the 598 patent are valid.

54. The 598 patent is invalid for failure to satisfy the requirements of 35 U.S.C. §§ 100, *et seq.*, including one or more of the following: 35 U.S.C. §§ 101, 102, 103, and 112.

55. NCR is entitled to a declaratory judgment that the 598 patent is invalid.

### THIRD COUNTERCLAIM (Declaration of Unenforceability)

56. NCR incorporates by reference the allegations in paragraphs 40-55 as if fully set forth herein.

57. All of the claims of the 598 patent are unenforceable by reason of inequitable conduct committed during prosecution of the 598 patent before the PTO.

58. Based upon an inspection of the prosecution histories of the application leading to

the 598 patent, along with related applications, prosecution counsel for the 598 patent, Scott C. Harris ("Harris"), failed to disclose material references and information of which he was aware to the PTO, with intent to deceive the PTO.

59. On November 26, 2001, Harris filed patent application 09/994,521, which ultimately issued as the 598 patent ("the 598 patent application"). The 598 patent application was filed as a divisional of United States patent application 08/332,499 ("the parent application"). On the same day as the 598 patent application was filed, Harris filed a continuation application to the same parent application bearing serial number 09/994,520 ("the 520 application").

60. Harris had a duty to disclose to the PTO material and non-cumulative information relating to the subject matter claimed in the 598 patent application. Harris' duty to disclose such information began on November 26, 2001, the date the 598 patent application was filed, and extended through April 25, 2006, the date that the 598 patent was issued. Harris' duty to disclose information existed with respect to each pending claim.

61. Scott J. Lochner and Meir Bartur were named inventors on the 520 application and the 598 patent application. Harris filed both applications on behalf of the named inventors and acted as the attorney handling the prosecution of both applications for the entire duration of prosecution.

62. The 598 patent application and the 520 application were processed by different examiners in different art units within the PTO. The 598 patent application was examined by Philip J. Sobutka, while the 520 application was examined initially by Tammara R. Peyton, and later by Duc Q. Dinh.

63. During prosecution of the 598 patent application, Harris was aware of the

similarity of the 598 patent application and the 520 application and knew that both applications derived from the same parent. Harris also knew that different examiners from different art groups were processing the two applications. On information and belief, Harris had no reason to believe that each examiner knew about the other co-pending application.

### Harris' Failure to Disclose the Existence of the 520 Application Constituted Inequitable Conduct

64. The 520 application and the 598 patent application contained substantially the same subject matter. Information relating to the 520 application, including knowledge of the existence of the 520 application, was not cumulative to information of record in the prosecution history of the 598 patent. The existence of the 520 application was material to the prosecution of the 598 patent application.

65. Harris had a duty to disclose the existence of the 520 application to the examiner of the 598 patent application. Harris failed to disclose the 520 application to the examiner of the 598 patent application. On information and belief, Harris failed to disclose the existence of the 520 application to the examiner of the 598 patent application with intent to deceive the PTO. Harris' failure to disclose the existence of the 520 application to the examiner of the 598 patent application constituted inequitable conduct.

### Harris' Failure to Disclose Prior Art Rejections of Substantially Similar Claims in the 520 Application Constituted Inequitable Conduct

66. The 520 application's claims were substantially similar to those of the 598 patent application. Harris had a duty to disclose any rejections of substantially similar claims in the 520 application to the PTO.

67. In a June 22, 2005 Office Action, Examiner Dinh, citing 35 U.S.C. §103, rejected all claims of the pending 520 application as unpatentable in light of U.S. Patent No. 5,046,027

("Taaffe") in view of U.S. Patent No. 4,850,009 ("Zook"), and claims 9 and 21 as unpatentable in light of Taaffe and Zook in view of U.S. Patent No. 5,129,060 ("Pfeiffer"). The elements found by Examiner Dinh to be disclosed in Taaffe, Zook, and Pfeiffer are the same or substantially similar to those contained in the claims of the 598 patent application.

68. In a December 15, 2005 Office Action, Examiner Dinh rejected claims 2, 3, 5, 7, 8, and 12 in the 520 application under 35 U.S.C. § 102 in light of U.S. Patent No. 4,485,400 ("Lemelson"). Citing 35 U.S.C. § 103, Examiner Dinh also rejected claims 4, 6, 11, and 18-20 as unpatentable over Lemelson in view of U.S. Patent No. 5,157,687 ("Tymes"), claims 10, 13, 14, 17, and 21 as unpatentable over Lemelson in view of Taaffe, and claim 9 as unpatentable over Lemelson in view of Pfeiffer. The elements found by Examiner Dinh to be disclosed in Lemelson, Taaffe, and Pfeiffer are the same or substantially similar to those contained in the claims of the 598 patent application.

69. As prosecution counsel of record for both the 598 patent application and the 520 application, Harris was aware of the June 22, 2005 and December 15, 2005 Office Actions in connection with the 520 application. Because the claims of the 520 application and the 598 patent application relate to substantially the same subject matter, Examiner Dinh's June 22, 2005 and December 15, 2005 Office Actions rejecting all claims of the 520 application in view of Lemelson, Tymes, Taaffe, Zook, and Pfeiffer were material to the prosecution of the 598 patent application.

70. Examiner Dinh's rejections in the June 22, 2005 and December 15, 2005 Office Actions were not cumulative of any other information of record in the prosecution history of the 598 patent application.

71. Harris had a duty to disclose the June 22, 2005 and December 15, 2005 Office

11

Actions to the PTO in connection with the 598 patent application's prosecution. Harris failed to disclose these office actions to the PTO in connection with the 598 patent application's prosecution. On information and belief, Harris' failure to disclose these office actions occurred with intent to deceive the PTO, and constituted inequitable conduct.

72. The subject matter of the Lemelson, Pfeiffer, Taaffe, and Zook references was material to the claimed subject matter of the 598 patent application and was not cumulative of the prior art of record for the 598 application. As prosecution counsel of record for both the 598 application and the 520 application, the Lemelson, Pfeiffer, Taaffe, and Zook references were known to Harris before the 598 patent application issued as the 598 patent. Because the claims of the 520 application and the 598 patent application relate to substantially the same subject matter, Harris had a duty to disclose the references to the PTO in connection with the prosecution of the 598 patent application.

73. Harris failed to disclose the Lemelson, Pfeiffer, Taaffe, and Zook references to the PTO in connection with the 598 patent application's prosecution. On information and belief, Harris' failure to disclose these references occurred with the intent to deceive the PTO, and constituted inequitable conduct.

**Harris' Failure to Disclose Written Description Rejections of Substantially Similar Claims in the 520 Application Constituted Inequitable Conduct**

74. In the December 15, 2005 Office Action, Examiner Dinh rejected claims 2, 10-11, 13-21 of the 520 application for failing to comply with the written description requirement in 35 U.S.C. §112. Examiner Dinh's rejections of the claims in the 520 application pertained to substantially similar elements as found in claims 1, 4, and 17 of the 598 patent application.

75. Examiner Dinh's written description rejection of the claims in the 520 application was not cumulative of any information of record in the prosecution history of the 598 patent

application. The adverse decision by Examiner Dinh was material to the prosecution of the 598 patent application, and Harris was under a duty to disclose Examiner Dinh's rejection to the PTO in connection with the 598 patent application's prosecution.

76. Harris failed to disclose Examiner Dinh's rejection to the PTO. On information and belief, Harris' failure to disclose Examiner Dinh's written description rejection of the claims of the 520 application occurred with intent to deceive the PTO, and constituted inequitable conduct.

77. NCR is entitled to a declaratory judgment that the 598 patent is unenforceable.

## JURY TRIAL DEMAND

78. NCR requests a jury to hear its counterclaims.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant NCR respectfully requests that this Court enter judgment against Lochner as follows:

(a) Declare that NCR has not and does not infringe any claim of the 598 patent, directly or indirectly, literally or by equivalents;

(b) Declare that each and every claim of the 598 patent is invalid;

(c) Declare that the 598 patent is unenforceable;

(d) Award NCR its attorneys' fees, costs, and expenses in this action; and

(e) Award NCR such other and further relief as this Court deems just and proper.

Dated: January 25, 2011	Respectfully submitted,

  /s/ Jason W. Cook
  Jason W. Cook
  *jason.cook@alston.com*
  **Alston & Bird LLP**
  Chase Tower, Suite 3601
  2200 Ross Avenue
  Dallas, TX 75201
  Tel: 214-922-3407
  Fax: 214-922-3837

  William H. Baker
  *bill.baker@alston.com*
  **Alston & Bird LLP**
  90 Park Avenue
  New York, NY 10016
  Tel: 212-210-9487
  Fax: 212-922-3888

  **ATTORNEYS FOR DEFENDANT
  NCR CORPORATION**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing DEFENDANT NCR CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS has been forwarded via CM/ECF to all counsel of record on this the 25th day of January, 2011.

                              */s/ Jason W. Cook*
                              Jason W. Cook