UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LOCHNER TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C. A. NO. 2:10-cv-00430-DF |
| | § | |
| LENOVO (UNITED STATES) INC.; | § | JURY TRIAL DEMANDED |
| NCR CORPORATION; | § | |
| INGRAM MICRO INC.; | § | |
| SYNNEX CORPORATION ; and | § | |
| TECH DATA CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT INGRAM MICRO INC.'S ANSWER
## WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant, Ingram Micro Inc. ("Ingram Micro") files its Answer with Affirmative Defenses to the First Amended Complaint for Patent Infringement (the "Complaint"), filed by Plaintiff, Lochner Technologies, LLC ("Plaintiff"), and files its Counterclaims, and states as follows:

### PARTIES

1.     Ingram Micro does not have knowledge or information sufficient to admit or deny the averments contained in paragraph 1 of the Complaint, and therefore denies them.

2.     Ingram Micro does not have knowledge or information sufficient to admit or deny the averments contained in paragraph 2 of the Complaint, and therefore denies them.

3.     Ingram Micro does not have knowledge or information sufficient to admit or deny the averments contained in paragraph 3 of the Complaint, and therefore denies them.

4.Ingram Micro admits that it is a Delaware corporation with its principal place of business at 1600 E. St. Andrew Place, Santa Ana, California.  However, Ingram Micro denies the remaining averments contained in paragraph 4 of the Complaint, as they appear to refer to an entity that is no longer a party to this action.

5.Ingram Micro does not have knowledge or information sufficient to admit or deny the averments contained in paragraph 5 of the Complaint, and therefore denies them.

6.Ingram Micro does not have knowledge or information sufficient to admit or deny the averments contained in paragraph 6 of the Complaint, and therefore denies them.

## JURISDICTION AND VENUE

7.Ingram Micro admits that this Complaint purports to set forth an action arising under the patent laws of the United States.  Ingram Micro admits that this Court has jurisdiction over the subject matter of the Complaint, but denies the legal sufficiency of Plaintiff's claims.  Except as explicitly admitted, Ingram denies the averments contained in paragraph 7.

8.Ingram Micro admits that the Complaint avers that venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  Ingram Micro does not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 as they relate to other Defendants, and therefore denies them.  Except as explicitly admitted, Ingram denies the averments contained in paragraph 7.

9.Ingram Micro denies that it is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute.  Ingram Micro does not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 9 as they relate to other Defendants, and therefore denies those allegations.

# COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,035,598

10. Ingram Micro incorporates by reference each and every response contained in paragraphs 1 through 9 as though fully set forth.

11. Ingram Micro admits that Exhibit A to the Complaint purports to be a copy of United States Patent No. 7,035,598 ("the '598 patent"), and that, on its face, the '598 patent states that it was issued on April 25, 2006 and is entitled "Modular Computer System." Ingram Micro does not have knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 11 of the Complaint, and therefore denies them.

12. Ingram Micro admits that the '598 patent, on its face, lists Scott Lochner and Meir Bartur as inventors.

13. Ingram Micro does not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 13 of the Complaint, and therefore denies them.

14. Ingram does not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 14 of the Complaint, and therefore denies them.

15. Ingram Micro denies each and every allegation contained in paragraph 15 of the Complaint.

16. Ingram Micro does not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 16 of the Complaint, and therefore denies them.

17. Ingram Micro does not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 17 of the Complaint, and therefore denies them.

18. Ingram Micro denies each and every allegation contained in paragraph 18 of the Complaint as it relates to Ingram Micro. Ingram Micro does not have knowledge or information

sufficient to admit or deny the allegations contained in paragraph 18 as they relate to other Defendants, and therefore denies those allegations.

19. Ingram Micro denies each and every allegation contained in paragraph 19 of the Complaint as it relates to Ingram Micro. Ingram Micro does not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 19 as they relate to other Defendants, and therefore denies those allegations.

## AFFIRMATIVE DEFENSES

20. Ingram Micro asserts the following affirmative and other defenses, and reserves the right to amend its answer as additional information becomes available and additional defenses become apparent.

### First Defense (No Infringement)

21. Ingram Micro does not infringe and has not infringed, either directly, contributorily, by inducement, separately or jointly, or otherwise, any valid claim of the '598 patent, either literally or under the doctrine of equivalents.

### Second Defense (Invalidity)

22. On information and belief, the claims of the '598 patent are invalid for failure to comply with one or more provision of the patent laws of the United States of America, Title 35, United States Code, including, but not limited to, 35 U.S.C. § 101, 102, 103, 112 and/or 116.

### Third Defense (Limitations on Damages)

23. Plaintiff's recovery for alleged infringement of the '598 patent, if any, is limited by 35 U.S.C. § 286 and/or 287.

### Fourth Defense (Waiver and/or Equitable Estoppel)

24.     Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or equitable estoppel.

### Fifth Defense (Laches)

25.     Plaintiff's claims for damages derived from the '598 patent are barred, in whole or in part, by the doctrine of laches.

### Sixth Defense (Failure to State a Claim)

26.     Plaintiff's Complaint fails to state a claim upon which relief can be granted against Ingram Micro.

### Seventh Defense (Adequate Remedy at Law)

27.     Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

### Eighth Defense (No Exceptional Case)

28.     Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Ingram Micro, pursuant to 35 U.S.C. § 285.

### RESPONSE TO PLAINTIFF'S REQUESTED RELIEF

WHEREFORE, Defendant, Ingram Micro Inc. respectfully requests that judgment be entered in its favor and against Plaintiff, Lochner Technologies LLC, as follows:

1. denying Plaintiff's allegations that Ingram Micro has infringed, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '598 patent, or that the alleged infringement was willful;

2. denying Plaintiff's request for a permanent injunction against Ingram Micro and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, partents and all others acting in concert or privity with any of them;

3. denying Plaintiff's request for a judgment and order requiring Ingram Micro to pay Plaintiff's damages, costs, expenses with prejudgment and post-judgment interest;

4. denying Plaintiff's request for enhanced damages against Ingram Micro;

5. that Plaintiff's Complaint be dismissed with prejudice in all respects;

6. declaring this case exceptional and awarding Ingram Micro its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285; and

7. awarding Ingram Micro such other relief as this Court may deem proper and just.

## INGRAM MICRO INC.'S COUNTERCLAIMS

### PARTIES

1. Counterclaimant Ingram Micro Inc. ("Ingram Micro") is a corporation organized under the laws of Delaware, with a place of business at 1600 E. St. Andrew Place, Santa Ana, California.

2. On information and belief, Counterclaim Defendant, Lochner Technologies LLC ("Lochner") is a California limited liability company with its principal place of business at 719 West Front Street, Suite 173, Tyler, Texas.

### JURISDICTION AND VENUE

3. Ingram Micro's counterclaims include claims for declaratory judgment of non-infringement, invalidity, and no willful infringement. Jurisdiction is proper under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. § 100 *et. seq.,* as well as 28 U.S.C. §§ 1331 and 1338.

4. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### FACTS

5. On or about October 12, 2010, Lochner filed its Complaint ("the Complaint") in the United States District Court for the Eastern District of Texas, alleging that Ingram Micro (among other Defendants) has infringed U.S. Patent No. 7,035,598 ("the '598 patent").

6. Based upon the filing of this Complaint and the allegations contained therein, there exists an actual and justiciable controversy between Lochner and Ingram Micro relating to at least Ingram Micro's alleged infringement of the '598 patent, the validity of the '598 patent, and whether Ingram Micro's alleged infringement is willful. Thus, Ingram Micro requests a declaration from the Court in its favor with respect to Counts 1 through 3 listed below.

7. Ingram Micro reserves the right to amend the currently pled counterclaims or to add additional counterclaims as they become apparent in the course of this action.

## COUNT 1 - DECLARATORY JUDGMENT OF NON-INFRINGEMENT

8. Ingram Micro reasserts all the facts and allegations contained in paragraphs 1 through 7 of its Counterclaim.

9. Ingram Micro does not infringe and has not infringed, either directly, contributorily, alone or jointly, or otherwise, any valid claim of the '598 patent, either literally or under the doctrine of equivalents.

## COUNT 2 - DECLARATORY JUDGMENT OF INVALIDITY

10. Ingram Micro reasserts all the facts and allegations contained in paragraphs 1 through 9 of its Counterclaim.

11. On information and belief, the claims of the '598 patent are invalid for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

## COUNT 3 - DECLARATORY JUDGMENT OF NO WILLFUL INFRINGEMENT

12. Ingram Micro reasserts all the facts and allegations contained in paragraphs 1 through 11 of its Counterclaim.

13. Lochner has asserted that any infringement of the '598 patent by Ingram Micro has been and is willful.

14. Ingram Micro has neither constructive nor actual notice of infringement of the '598 patent before the filing of Lochner's Complaint.

15. Ingram Micro has not willfully infringed and is not willfully infringing any claim of the '598 patent.

16. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.,* Ingram Micro is entitled to a declaration that its alleged infringement of the '598 patent has not been and is not willful.

## INGRAM MICRO'S PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiff, Ingram Micro, respectfully prays that judgment be entered in its favor and against Counterclaim-Defendant, Lochner Technologies LLC, as follows:

A. that Lochner's Complaint against Ingram Micro be dismissed with prejudice and that a take-nothing judgment be entered against Lochner and in favor of Ingram Micro;

B. that judgment be entered in Ingram Micro's favor that Ingram Micro has not and does infringe any claim of the '598 patent;

C. that judgment be entered in Ingram Micro's favor that each and every claim of the '598 patent is invalid;

D. that judgment be entered in Ingram Micro's favor that Ingram Micro has not and does not willfully infringe any claim of the '598 patent;

E. that judgment be entered in Ingram Micro's favor that this case is exceptional and awarding Ingram Micro its attorney fees and costs under 35 U.S.C. § 285; and

F. that Ingram Micro be awarded any other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rule of Civil Procedure, Defendant and Counterclaim Plaintiff, Ingram Micro Inc., hereby demands a trial by jury on all issues so triable, including without limitation, Plaintiff's claims, Ingram Micro's defenses and its counterclaims.

Dated: November 14, 2011  BAKER BOTTS L.L.P.

By: ___/s/ Darryl J. Adams_____
Darryl J. Adams (SBN 00796101)
*Lead Attorney*
Benjamin R. Johnson (SBN 24065495)
BAKER BOTTS L.L.P.
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: 512.322.2500
Facsimile: 512.322.2501
*darryl.adams@bakerbotts.com*
*ben.johnson@bakerbotts.com*

Attorneys for Defendant/Counterclaimant,
INGRAM MICRO INC.

### CERTIFICATE OF SERVICE

I hereby certify that, on November 14, 2011, a true and correct copy of Ingram Micro Inc.'s Answer with Affirmative Defenses and Counterclaims to Plaintiff's First Amended Complaint was filed through the Eastern District of Texas' CM/ECF system and was served by that system on all counsel of record.

_____/s/ Darryl J. Adams_____
Darryl J. Adams